**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Mike Robson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE ROBSON, <br><br> Plaintiff, <br><br> v. <br><br> GALAXY PORTFOLIOS, LLC; AND, LAW OFFICES OF ROBERT J. COLCLOUGH, III, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

///
///

**COMPLAINT FOR DAMAGES**

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. MIKE ROBSON ("Plaintiff"), by Plaintiff's attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions of GALAXY PORTFORLIOS, LLC ("Galaxy" or "Defendants") and LAW OFFICES OF ROBERT J. COLCLOUGH, III ("Colclough" or "Defendants") with regard to attempts by Defendants, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; and, 15 U.S.C. § 1692k

9. This action arises out of Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Santa Maria, County of Santa Barbara, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conduct business within this judicial district.

///
///
///
///

## PARTIES

12. Plaintiff is a natural person who resides in the City of Santa Maria, County of Santa Barbara, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, that Galaxy is a company whose State of Incorporation and principal place of business is in the State of Nevada.

14. Plaintiff is informed and believes, and thereon alleges, that Colclough is a business whose State of Incorporation and principal place of business is in the State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendants conducted business in the State of California.

///
///
///

19. Sometime prior to 2008, Plaintiff is alleged to have incurred financial obligations to an unidentified original creditor, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code 15 U.S.C. § 1692a(6).

20. On information and belief, Plaintiff's alleged financial obligations were allegedly incurred for personal, family and household purposes.

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of the alleged debt at issue herein.

22. Sometime prior to December 2008, the original creditor allegedly assigned, placed, or otherwise transferred, to Worldwide Asset Purchasing, LLC the right to collect Plaintiff's alleged debt.

23. Sometime prior to March 30, 2016 Worldwide Asset Purchasing, LLC allegedly assigned, placed, or otherwise transferred, to Galaxy the right to collect Plaintiff's alleged debt.

24. To further these collection efforts, Galaxy retained Colclough to act on Galaxy's behalf.

25. As a result of the alleged transfer, Plaintiff received Colclough's initial written communication regarding the alleged debt dated March 30, 2016.

26. Said written communication informed Plaintiff that Plaintiff's alleged debt previously owed to Worldwide Asset Purchasing was now owned by Galaxy. However, Colclough did not provide Plaintiff any information to permit Plaintiff to identify the original creditor or whether Plaintiff owed the alleged debt.

27. By not stating the original creditor's full name, Plaintiff was unable to intelligently choose Plaintiff's response to Colclough's written communication.

**COMPLAINT FOR DAMAGES** PAGE 4 OF 8

28. Moreover, without the full and complete name of the original creditor, Plaintiff was confused by Colclough's collection letter and could not determine which account Defendant was attempting to collect from Plaintiff.

29. Plaintiff was unable to make an informed decision as to how to respond to Colclough's collection letters because Plaintiff was misled by the Law Offices of Robert J. Colclough's failure to adequately identify the original creditor.

30. Plaintiff's ability to intelligently respond to Defendants' collection attempts was materially diminished, and confused Plaintiff, since Defendants failed to provide basic information regarding Plaintiff's alleged debt(s).

31. Defendants' collection attempt was presented in a deceptive manner since said written communication failed to provide basic information to Plaintiff.

32. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.

33. Through this conduct, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of Plaintiff's alleged debt.

34. Through this conduct, Defendants violated 15 U.S.C. § 1692e(5) by using threat to take action against Plaintiff that cannot legally be taken to collect Plaintiff's alleged debt.

35. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.

36. Through this conduct, Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication with the consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose to collect Plaintiff's alleged debt.

37. Through this conduct, Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

///

38. Through this conduct, Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law.

39. Upon further review, Plaintiff determined that Colcough's initial written communication was never filed with the Superior Court despite being written on pleading paper.

40. On June 20, 2016, Plaintiff's counsel, Matthew M. Loker, Esq., confirmed with the Santa Barbara Superior Court that Colclough's initial written communication was neither delivered to, nor filed with, the Court.

41. By misrepresenting that Defendants' written communication was filed with the Court, Defendants utilized a tone of intimidation that was intended to unfairly effect collection of Plaintiff's alleged debts.

42. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.

43. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.

44. Through this conduct, Defendants violated 15 U.S.C. § 1692e(13) by using false representation or implication that documents are legal process in order to collect Plaintiff's alleged debt.

45. Through this conduct, Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**     PAGE 6 OF 8

# COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

### [AGAINST ALL DEFENDANTS]

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

48. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,
- Any and all other relief that this Court deems just and proper.

///
///
///
///

## TRIAL BY JURY

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 23, 2016                                      Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
       MATTHEW M. LOKER, ESQ.
       ATTORNEY FOR PLAINTIFF